IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDWARD F HELD IV**                                                            **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 1:10cv539-HSO-JMR**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion [11] to Dismiss for Lack of Prosecution, the Court having considered the Motion [11], the record of the proceedings below, along with the record as a whole and the relevant law, this Court recommends that Defendant's Motion [11] to Dismiss should be granted.

Plaintiff's suit against the Commissioner arises under 42 U.S.C. §§ 405(g), 1383(c). Complaint [1].  In his Complaint, Plaintiff challenges the Commissioner's denial of his claim for social security benefits. Proceedings in this Court for review of actions by the Commissioner under Title 42 of the United States Code are governed by the Standing Local Order for Social Security Cases dated August 28, 1991, which provides in pertinent part the following:

> Within 30 days from the filing of the [Commissioner's] answer, the plaintiff shall serve and file an appropriate dispositive motion seeking reversal or remand of the [Commissioner's] decision and a brief setting forth all errors and legal authorities which plaintiff contends entitle him to relief.

Standing Local Order for Social Security Cases dated August 28, 1991 (hereinafter referred to as "Standing Local Order).In this case the Standing Local Order was placed in the record on November 24, 2010.

On April 4, 2011, the Commissioner filed and served his Answer to Complaint

[8]. To date, Plaintiff has not filed his dispositive motion and supporting brief. As more than six months have elapsed since the Commissioner filed and served his Answer and the Plaintiff has not filed a dispositive motion and a supporting brief, the Commissioner contends that this Court should dismiss this suit for failure to prosecute.

Plaintiff, acting *pro se*, commenced this action on November 24, 2010, when he filed his Complaint [1]. On that date the clerk of the court provided the plaintiff with a copy of the Standing Local Order. [3]. Thereafter, on April 4, 2011, the Commissioner filed and served on the Plaintiff his Answer to Complaint [8] and the administrative record [9].

Pursuant to the Standing Local Order provided to the Plaintiff, his dispositive motion seeking reversal or remand and a supporting brief were due to be filed and served on or before May 4, 2011 (the $30_{th}$ day following the date on which the Commissioner filed and served his Answer). To date, the Plaintiff has not filed his dispositive motion and supporting brief nor sought an extension of the deadline although more than six months have elapsed since they were due.

The authority of a federal court to dismiss a plaintiff's action because of his failure to prosecute is clear. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). *See also Woods v. Social Sec. Admin.*, 2008 WL 2165095, at *1 (S.D. Miss. May 21, 2008). *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th.1978).

Rule41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on a failure of the plaintiff to prosecute or comply with any order of the court. *Larson v. Scott*, 157 F.3d 1030, 1032 ($5_{th}$ Cir. 1998). A Rule 41(b) dismissal is considered to be an adjudication on the merits. *Edwards v. City of Houston*,78 F.3d 983, 994 ($5_{th}$ Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly. *See*

*Ramsay v. Bailey*, 531 F.2d 706, 707-08 (5th Cir 1976), *cert. denied*, 429 U.S. 1107 (1977). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989).In the present case, the Plaintiff is not represented by counsel. The Court finds that the responsibility for the failure to comply with the Standing Local Order rests exclusively with the Plaintiff as he is not represented by counsel.

A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985); *Rogers v. Kroger, Co*. 669 F.2d 317 (5th Cir. 1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or display of contumacy on the part of the Plaintiff. *Dorsey v. Scott Wertzel Serv. Inc*., 84 F.3d 170,171 (5th Cir. 1996).

Based on the foregoing, this Court is of the opinion that Plaintiff has failed in his obligation to respond in accordance with the Court's Orders and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other civil cases. Accordingly, this Court recommends that this case be dismissed without prejudice for the Plaintiff's failure to prosecute and failure to comply with 41(b) of the Federal Rules of Civil Procedure.

## **RECOMMENDATION**

In accordance with the Rules of this Court, any party within fourteen days after being served a copy of this recommendation, may serve and file written objection to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal- unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996).

       THIS the <u>16th</u> day of November , 2011.

                                                      *s/ John M. Roper, Sr.*
                                        CHIEF UNITED STATES MAGISTRATE JUDGE