IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDWARD F. HELD**                                                                                  **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 1:10cv539HSO-JMR**

**MICHAEL J. ASTRUE,**                                                                            **DEFENDANT**
**COMMISSIONER OF SOCIAL SECURITY**

### ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING COMMISSIONER'S MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 41(b)

This matter is before the Court on the Report and Recommendation [13-1] of Chief United States Magistrate Judge John M. Roper entered in this cause on November 16, 2011.  The Magistrate Judge reviewed the pleadings on file and determined that based on the record: 1) Defendant's Motion to Dismiss for Lack of Prosecution should be granted; and 2) Plaintiff's Complaint should be dismissed for failure to prosecute pursuant to FED. R. CIV. P. 41(b).  To date, Plaintiff has not filed an objection to the Report and Recommendation.[1]  The Court has thoroughly reviewed the findings in the Report and Recommendation, the record, and the relevant legal authorities, and concludes that the Commissioner's Motion to Dismiss for Lack of Prosecution should be granted, and that Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 41(b).

I. LEGAL STANDARD

Where no party has objected to the Magistrate Judge's Report and

---

[1] The record reflects that Beth Held signed for receipt of the Report and Recommendation on November 23, 2011 [14-1].

Recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary or to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## II. ANALYSIS

The Court's Standing Local Order for Social Security Cases provides in pertinent part as follows:

> [w]ithin 30 days from the filing of the [Commissioner's] answer, the plaintiff shall serve and file an appropriate dispositive motion seeking reversal or remand of the [Commissioner's] decision and a brief setting forth all errors and legal authorities which plaintiff contends entitle him to relief.

Standing Local Order for Social Security Cases, dated August 28, 1991.

The record reflects that on April 4, 2011, the United States Attorney filed an Answer on behalf of the Commissioner [8-1]. To date, Plaintiff has failed to comply with the Standing Local Order and file the requisite dispositive motion, or to otherwise contact the Court with an explanation for his lack of compliance. Nor has he filed any objection to the Report and Recommendation.

Rule 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." FED. R. CIV. P. 41(b). Under this rule, "a district court, pursuant to a defendant's motion, *may* dismiss a lawsuit for a plaintiff's failure to comply with a

court order." *Holden v. Illinois Tool Works Inc.*, 429 Fed. App'x 448, 453 (5th Cir. 2011).

The Court may also "dismiss an action sua sponte under Rule 41(b) for failure to comply with a court order or whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Link v. Wabash Railroad*, 370 U.S. 626, 631 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)(citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)); *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Link, supra*, 370 U.S. at 629-30; *see also Hand v. UNUM Provident Corp.*, 202 Fed. App'x 689, 694 (5th Cir. 2006).

### III. CONCLUSION

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under FED. R. CIV. P. 41(b) is proper.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [13-1] of Chief United States Magistrate Judge John M. Roper entered in this cause on November 16, 2011, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's Motion

to Dismiss [11-1] is **GRANTED**.   A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 16th day of December, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE